IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARLOS PADILLA III, ) Case No.   24-2478-SPM
  Plaintiff,  )
V.S.           )
ANTHONY D. WILLS, )
  Defendant.  )

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

1.) Upon the supporting declaration and it's accompanying memorandum of law it is

2.) ORDERED that Defendant Anthony D. Wills show cause in room of the United States Court house, at 750 Missouri Avenue, East St. Louis, IL 62201, on the day of _____ at _____ o'clock, why a preliminary injunction should not issue pursuant to Rule 65(a), Fed. R. Civ. P., enjoining the Defendant, their successors in office, agents, and employees and all other persons acting in concern and participation with them to provide outside exercise/yard recreation to the plaintiff in segregation and General population at Menard Correctional Center which will prevent future irreparable harm and restore and maintain physical, mental, and emotional well-being.

3.) IT IS FURTHER ORDERED that effective immediately, and pending the hearing and determination of this matter, Defendant Wills shall arrange for the plaintiff to be provided outside exercise/yard recreation on a weekly basis that will restore and maintain the full function of his back, joints, bowel movement, mental and emotional health.

4.) IT IS FURTHERED ORDERED that this order to show cause, and all papers attached to this application shall be served on Defendant Wills by _____ and the United States Marshall service is hereby directed to effectuate such service.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARLOS PADILLA III,
    Plaintiff,
v.
ANTHONY WILLS,
    Defendant.

Case No. 24-2478-SPM

**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

CARLOS PADILLA III States:

1.) I am the plaintiff in this cause I make this declaration in support of my Motion for a Temporary Restraining Order and Preliminary Injunction to ensure I recieve yard recreation/outside exercise in segregation and General Population at Menard Correctional Center.

2.) As set forth in my complaint, grievances, and kites to Defendant Anthony D. Wills, I did not receive yard recreation/outside exercise while in segregation for 5 months at Menard and then another 30 day period cumulatively is segregation and population at Menard between April 10, 2024 and October 27, 2024. During this time I began to suffer physically, mentally, and emotionally. See Complaint pgs 6-7, ¶¶ 21-26.

3.) I was only seen for Nurse Sick Call for my physical ailments, and am on the wait list to see the Nurse Practioner. I had a scheduled visit with the Nurse Practioner on October 30, 2024, but it was canceled without reason. During my Nurse Sick Call visits I was prescribed Ibeprophen and Tylenol pain medication for the joint and back pain. I was prescribed colace and milk of Magnesia for my extreme constipation.

4.) I am on the wait list to be seen for one-on-one mental health therapy treatment with Mental Health professional, psychologist, psychiatrist, for my mental and emotional ailments complained of in my complaint, grievance, and kites to Defendant Wills.

5.) I have not been provided a specific treatment for my ailments despite repeated request to be seen. Outside exercise/yard recreation is known as preventative for all issues I suffer from.

6.) On information and belief I was not provided outside exercise/yard recreation, because a shortage of staff at Menard. However, General Population were recieving yard between April 10, 2024 and August 26, 2024.

7.) My upper back and joints are still in pain. I'm still experiencing constipation, and am still experiencing agitation, anger, irritation, hopelessness, depersonalization, loss of appetite, loss of sleep, lack of concentration and focus, sadness, nightmares, nervousness and anxiety, cold sweats, and violent flashbacks. My nightmares have been violent and re-occurring.

8.) I am suffering irreparable harm in the form of continued physical and mental and emotional pain and suffering and an increasing risk my joint and back pain and bowel movement will never be restored to it's full health and wellness without yard.

9.) Defendant Wills is the Warden at Menard and is responsible for providing inmates yard. He has the authority and responsibility of providing yard, and is trained to understand the risk from the denial of yard for more than 60 days pursuant to AD 05.15.100. At this time seg is not recieving yard.

2 of 3

10.) For the reasons set forth in the memorandum of law filed with this motion, the plaintiff is entitle to a temporary restraining order requiring the defendant to provide plaintiff yard in segregation and General population at Menard Correctional Center.

11.) I was recently in seg as of October 11, 2024 for 45 day for attempted assault of an inmate. This was the result of a July 20, 2024 ticket I received during my 6 month seg bid for the March 6, 2024 ticket.

12.) For the foregoing reasons, the court should grant the plaintiff's motion in all respects.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

/s/ Carlos Padilla
Plaintiff, Pro Se
Carlos Padilla III

Date: November 3, 2024

Carlos Padilla #y32600
Menard C C
P.O. Box 1000
Menard, IL 62259

3 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARLOS PADILLA III,
  Plaintiff,
v.
ANTHONY D. WILLS,
  Defendant.

Case No. 24-2478-SPM

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## STATEMENT OF THE CASE

1.) This is a civil rights action brought under 42 USC §1983 a state prisoner who did not receive outside exercise/yard recreation cumulatively for 6 months from prison staff. The plaintiff seeks a temporary restraining order and a preliminary injunction order to ensure plaintiff receives outside exercise/yard recreation at Menard C.C. to prevent future irreparable harm.

## STATEMENT OF FACTS

2.) As stated in the declaration submitted with this motion, the plaintiff was denied access to outside exercise/yard recreation for 5 months and then another 30 days at Menard C.C. See Dec. at ¶2. The plaintiff was only seen by Nurses for his physical ailments, and is currently on an unnecessary long wait list to be examine by a Nurse practioner. The Nurses only prescribed plaintiff Tylenol, Ibeprophen, colace, and Milk of Magnesia. See Dec. at ¶3. Plaintiff is experiencing continued pain, stiffness, and limited motion in his joints, and constipation. See Dec. at ¶7.

1 of 5

# ARGUMENT

POINT 1:

## THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

3) In determining whether a party is entitled to a restraining order on a temporary basis or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits of the claims, and the public interest. Each of these factors favors the grant of this motion.

### (A) The PLAINTIFF IS THREATEN with IRREPARABLE HARM

4.) The plaintiff alleges that he has been denied access to outside exercise/yard recreation cumulatively for six (6) months at Menard Correctional Center while in segregation and general population by Defendant Anthony D. Wills. This is/was for 5 months and then for a separate 30 days. This is a clear violation of the Eighth Amendment. See Pearson v. Ramos, 237 F.3d 881 (7th Cir. 2001), Delaney v. DeTella, 256 F.3d 679 (7th Cir. 2001), and Johnson v. Prentice, 2023 U.S. LEXIS 4530.

5.) As a matter of Law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976); American Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009) This principle has been applied in prison litigation generally. See Jolly v. Coughlin, 76 F.3d 468, 482 (2nd Cir. 1996); Newsome v. Norris, 888 F.2d 371, 378 (6th Cir. 1989); Mitchell v. Cuomo, 748 F.2d 804 (2d Cir. 1984); McClendon v. City of Albuquerque, 272 F.Supp.2d 1250, 1259 (D.N.M. 2003)

6.) In addition the plaintiff is threaten with irreparable harm because the nature of his injuries is in combination with pre-existing chronic back and joint pain, chronic joint pain and back pain and extreme constipation may never restore to it's normal function.

### (B) THE BALANCE OF HARDSHIPS FAVORS the PLAINTIFF

7.) In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See, e.g. Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984) (holding the dangers posed by prison crowding outweighed state's financial and administrative concerns); Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986) (holding that prisoner interest in safety and medical care outweighed state's interest in saving money by cutting staff).

8) In this case, the present suffering of the plaintiff and his potential suffering in segregation and general population if he permanently loses the normal use of his bowel movement, back, and joints are enormous. The "sufferings" the defendants will experience if the court grants the order will consist of providing the plaintiff access to outside exercise/yard recreation - something Defendant Willis is obligated to provide for the prison population on a daily on weekly basis. The defendant's hardship amounts to no more than business as usual.

### (C) The PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

9.) The plaintiff has a great likelihood of success on the merits. What the Defendant has done - knowingly and intentionally denying access to segregated inmates

3 of 5

to outside exercise/yard recreation for 6 months although required to provide so. - was specifically signaled out by the Seventh Circuit and Supreme Court as an example of "deliberate indifference" to a substantial risk to an inmates health and safety. Estelle v. Gamble, 429 U.S. 97, 104 S. Ct. 285, 50 L. Ed. 2d 251 (1976). See Johnson v. Prentice, 2023 U.S. LEXIS 4530 (Dissent by Justice Jackson).

10.) The Seventh Circuit has held that 6-months denial of yard recreation/outside exercise violates the Eighth Amendment as unconstitutional. See Delaney v. Detella, 256 F.3d 679 (7th Cir 2001). (6 month yard Denial), and Pearson v. Ramos, 237 F.3d 881, (7th Cir. 2001)(90-Day yard Denial); and Thomas v. Ramos, 130 F.3d 754 (7th Cir. 1997)(70-Day yard Denial).

11.) Defendant Wills was aware of the risk to plaintiff's health when denying him yard pursuant to his training, plaintiff's kites and grievances, and previous litigation against him and Menard concerning the denial of yard.

### (D) The RELIEF SOUGHT WILL SERVE the PUBLIC INTEREST

12.) In this case, the grant of relief will serve the public interest, because it is always in the public interest for prison officials to obey the law, especially the constitution. Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008); Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986)("Respect for law, particularly by officials responsible for the administration of the state's correctional system, is in itself a matter of the highest public interest."); Llewelyn v. Oakland County Prosecutor's Office, 402 F. Supp. 1379, 2393 (E.D. Michigan 1975) (stating "the Constitution is the ultimate expression of the public interest.").

POINT II:

## THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

13) Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed. R. Civ. P., However, the plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Elliott v. Kiesewetter, 98 F.3d 47, 60 (3d Cir. 1996) (stating that district courts have discretion to waive the bond requirement contained in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the equities weighs overwhelmingly in favor of the party seeking the injunction"); Moltan Co. v. Eagle-Pitcher Industries, Inc., 55 F.3d 1171, 1176 (6th Cir. 1995). In view of the serious harm confronting the plaintiff, the court should grant the relief requested without requiring the posting of security.

### CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety.

Carlos Padilla #Y32600
Menard CC
P.O. Box 1000
Menard, IL 62259

/s/ Carlos Padilla
Plaintiff, Pro Se.
Carlos Padilla III

Date: November 3, 2024

5 of 5