IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

SCANNED at MENARD and E-mailed
11/26/24 by JA   5 pages
Date   initials   No.

CARLOS PADILLA, III,
   Plaintiff,
v.
ANTHONY D. WILLS,
   Defendant.

Case No. 24-CV-2478

HONORABLE JUDGE
STEPHEN P. McGlynn

## PLAINTIFF'S OBJECTION AND MOTION TO RECONSIDER

Now comes the plaintiff Carlos Padilla III, pro se, respectfully objecting and moving this Honorable Court to reconsider the Denial of his Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 3). See Doc 7 November 18, 2024 Order. In support thereof plaintiff states.

1.) Plaintiff objects to the Court's order denying him relief on the grounds and to the extent the Court erroneously arrived to the wrong conclusion of law, because the Court wrongly decided the plaintiff "has not demonstrated that without court action he is likely to again be denied constitutionally adequate out-of-cell time during the pendency of this litigation." See Doc. 7 Text order. This is the wrong conclusion of law with regards to a pro se prisoner's pleadings.

2.) In order to obtain emergency injunctive relief, plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; (3) he will suffer irreparable harm without the injunction. Woods v. Boss, 496 F.3d 620, 622 (7th Cir. 2007)

3.) As such, the court does not dispute the first two criteria. The plaintiff is not required (emphasis added)

1 of 5

to demonstrate he will be "likely to again be denied constitutionally adequate out-of-cell time during the pendency of this litigation." See Doc. 7 Text Order.

4) All pro se pleadings are to be liberally construed. Plaintiff sufficiently pleaded that he is currently suffering from physical and mental ailments, because of the denial of yard and out of cell time while in segregation at Menard. See Doc. 1 at ¶¶ 21-28. The plaintiff is still currently experiencing these ailments. This is sufficient for a pro se prisoner to satisfy the pleading standards when consider in combination with the Declaration plaintiff attached to his request for TRO/Preliminary Injunction. See Dec. at ¶¶ 2-8.

## ARGUEMENT

5) In the event the Court is circumventing granting the plaintiff relief because he is no longer in segregation and is currently recieving outside exercise/yard recreation the plaintiff will like to raise and develope in the record the following for the court to consider whether or not the plaintiff will suffer more irreparable harm:

6.) The plaintiff is currently housed in the High Aggression level East Cell House ("ECH"), at Menard C.C., on the Highest Aggression level gallery - 10 gallery.

7.) The ECH is a de facto segregation, where plaintiff is housed under 24-hour solitary confinement. Plaintiff is forced to interact with his cellmate - another highly aggressive grown man.

8.) Plaintiff is allowed one 3-4 hour outside exercise/yard recreation period a week if (emphasis added) there is a sufficient amount of security staff present that specific day (Monday).

2 of 5

9.) Next, Plaintiff is only afforded one ten minute shower period a week at least (Sunday), because of staffing issues. Of course he should be afforded at least three showers a week but staffing here at Menard is a seriously chronic problem.

10.) Now this is the only structured out-of-cell time (emphasis added) the plaintiff is afforded for some exercise. Hence the reason why plaintiff is continually suffering from his physical and mental ailments as described in his complaint. See Doc. 1 at I ¶¶ 21-26.

11.) Plaintiff is afforded one hour of unstructured-out-of-cell time for law library on Tuesday. This is only if staff has an adequate amount of security personnel to run it.

12.) And, since plaintiff has been release from seg his mental health has degressed so much that he is now clinically diagnosed with depressiveness by Menard psychology staff. (Emphasis Added).

13.) Now comes the question, can the plaintiff exercise in his cell during these 24-hour periods? No, because without the full cooperation of another highly aggressive cellmate, the plaintiff can not exercise. If he was housed alone then yes he would be able to get in some exercise. But, until then, the cell is too small to house two highly aggressive grown men for 24 hours, 23-hours, 6-days a week.

14.) The cells in the ECH afford plaintiff approximately 35 squared feet of unencumbered space to exercise if his cellmate remains on his bunk.

15.) Finally, with regard to whether plaintiff should be granted relief, because he is no longer in segregation at

3 of 5

Menard, this Court is well aware that Menard administration officials utilize their administrative capabilities as an attempt to thwart injunction litigation against them arising out of Menard. See Turley v. Lashbrook, 2018 U.S. Dist. LEXIS 222768. With this said plaintiff is subject to segregation under the guise of administrative or disciplinary purposes, both more than likely for non-violent purposes.

16.) The out of cell time afforded to the plaintiff as stated above is constitutionally inadequate. Because of this his mental and physical health will continue to degress as set forth in his complaint. Doc. 1, ¶¶ 21-26. The time afforded to the plaintiff to leave his cell is even contradictory to IDOC's Administrative Directives and Department Regulations. These rules are direct evidence of society's evolving standard of moral decency. The court can take judicial notice of IDOC's rules and regulations.

## CONCLUSION

17.) The plaintiff has shown that the continued constitutionally inadequate out-of-cell time will make him continually suffer mentally and physically.

18.) It is now time for the court to consider, at this point for emergency injunction purposes, what amount of out-of-cell time is constitutionally adequate. Because without an emergency preliminary injunction the plaintiff's physical and mental

4 of 5

health will continue to degress. This constitutes deliberate indifference to an access risk of his future health in violation of the Eighth Amendment.

19.) Plaintiff request Pro Bono counsel to brief this issue before the Court on a temporary basis for the sole purpose of litigating this request for a TRO/Preliminary Injunction.

20.) Plaintiff request his arguments be liberally construed during reconsidering of his motion for TRO/Preliminary Injunction as he is a pro se prisoner, and any relief the Court deems just and proper.

Respectfully Requested,
/s/ Carlos Padilla
Plaintiff Pro Se.

Date: November 26, 2024

Carlos Padilla #y32600
Menard CC
P.O. Box 1000
Menard, IL 62259

5 of 5



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: Padilla, Carlos III

ID Number: Y32600

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?  Yes or **No**

    If this is a habeas case, please circle the related statute: 28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?  Yes or **No**

    If yes, please list case number: _____

    If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?  **Yes** or No

    If yes, please list case number: 24-CV-2478-

    If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted: 5

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| Plaintiff's Objection + Motion to Reconsider | 5 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.