## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARLOS PADILLA, III,

               **Plaintiff,**

v.

ANTHONY D. WILLS,

               **Defendant.**

Case No. 24-cv-02478-SPM

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

This matter is before the Court on various motions filed by the parties.

### I.      Motion for Recruitment of Counsel filed by Plaintiff (Doc. 25)

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 25), which is **DENIED**.[1] Plaintiff discloses several unsuccessful efforts to contact attorneys via written correspondence and has attached letters declining representation from five different law firms. Accordingly, he has made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff states that he needs attorney representation because (1) his case presents a question of law, exhaustion issues, and the need to demonstrate the defendant's state of mind, which all exceed his abilities to argue and litigate; (2) his incarceration will prevent him from acquiring needed discovery, such as taking depositions and hiring experts; (3) he has limited access to the law library and legal resources; and (4) he suffers from anxiety, depression, and PTSD, and his anxiety medication causes drowsiness and makes it difficult for him to focus.

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

Despite these concerns, the Court finds that Plaintiff is capable of proceeding *pro se* at this early stage in the case. Discovery at this time is limited to the issue of administrative exhaustion, and the Court recently entered a scheduling order setting forth the documents that Plaintiff is directed to send to defense counsel. Although Plaintiff argues that the issue of exhaustion will be too difficult for him to litigate, the Court disagrees. Whether Plaintiff exhausted administrative remedies is usually a straightforward issue that hinges on facts available to him, specifically, if and when he filed grievances and appeals for his claim and does not require the need for counsel or extensive legal research. Plaintiff has a high school diploma and a paralegal certificate, and his numerous and well drafted filings demonstrate that he is more sophisticated than the average pro se litigant. He understands directions from the Court and so far, has been a zealous advocate for himself. The Court finds that Plaintiff is more than capable of responding to any motion for summary judgment on the issue of exhaustion and putting forth arguments on whether he properly utilized the administrative grievance process prior to initiating this lawsuit or was prevented from doing so. Accordingly, the Motion for Recruitment of Pro Bono Counsel is **DENIED**. (Doc. 25).

II.     **Motion for Late Reply to Defendant's Response filed by Plaintiff (Doc. 37)**

Plaintiff has filed a motion seeking to file a reply brief in opposition to Defendant's response (Doc. 27) to his motion for preliminary injunction after the deadline has expired. Plaintiff states that he was temporarily transferred to Stateville Northern Reception Center on a court writ on March 27, 2025, and during his time there, he attempted to file his reply brief, but he did not have access to the law library to e-file or to the commissary to purchase envelopes and stamps. Defendant Wills does not oppose the motion.

Since Plaintiff did not receive a copy of Defendant's response until sometime after March 11, 2025 (Doc. 29), and because he was unsuccessful at filing his reply brief sooner due to no fault of his own, the Court finds that Plaintiff has demonstrated excusable neglect and **GRANTS** the

motion to file his reply brief after the deadline. FED. R. CIV. P. 6(b). (Doc. 37). The Clerk of Court is directed to file Doc. 37-1 as "Reply to [27] Defendant's Response to the [12] Motion for Preliminary Injunction by Carlos Padilla."

### III.    Motion to Compel filed by Plaintiff (Doc. 39)

Plaintiff has filed a motion asking the Court to compel Defendant Warden Wills and his agents to provide him with his mail and to allow him to access IDOC prison law libraries at least once a week for an hour. Plaintiff states that during his time at Stateville Northern Reception Center he was not allowed to access the law library in order to respond to Defendant's response, despite sending request slips. While at Menard Correctional Center, he claims that he does not have direct access to the law library and must rely on a "runner system," in which inmate workers fill research requests on his behalf. The runner system causes a delay in his filings because he must submit his requests through the institutional mail system, and delaying the mail is a common practice used by staff to thwart litigation.

Because Plaintiff is asking the Court to order Defendant Wills and IDOC staff to take affirmative action, the Court construes the motion to compel as a request for a preliminary injunction. In order to obtain emergency relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Additionally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL

2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr,* 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

As Defendant argues, the relief Plaintiff is seeking is outside of the scope of the Complaint. (Doc. 45, p. 3). Plaintiff is proceeding on an Eighth Amendment claim for unconstitutional conditions of confinement from April 10, 2024, through September 11, 2024, and September 25, 2024, through October 28, 2024. Plaintiff now requests for the Court to issue an order based on new allegations of denial of law library access and delayed mail, which have occurred since filing the Complaint. These new claims are asserted against Defendant Wills but also against individuals who are not parties to this suit. A request for a preliminary injunction is not a proper avenue for Plaintiff to add claims and individuals to this lawsuit.

The Court further notes that Plaintiff has not demonstrated he will suffer irreparable harm without Court involvement. Currently, this case is in the discovery on exhaustion phase so, as mentioned, extensive legal research is not needed, and the Court will continue to grant Plaintiff extensions as needed. For these reasons, the motion to compel requesting preliminary injunctive relief is **DENIED**. (Doc. 39).

### IV.    Motion for Default Judgment filed by Plaintiff (Doc. 40)

The Court extended the deadline for Defendant Wills to file his answer to the Complaint to April 25, 2025, and the Court deems the answer timely filed. (Doc. 35, 42). Accordingly, default judgment is not warranted in this case, and the motion is **DENIED**. (Doc. 40).

### V.    Motions for Status filed by Plaintiff (Doc. 31, 32, 38)

Plaintiff's motions for status are **GRANTED** in light of this Order. The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet.

VI.     **Second Motion for Extension of Time filed by Defendant Wills (Doc. 43)**

The Court finds good cause to extend Defendant's deadline to respond to Plaintiff's motion in limine for preliminary injunction, and the motion is **GRANTED**. A response is due on or before May 9, 2025. No further extensions will be granted absent exceptional circumstances.

**IT IS SO ORDERED.**

**DATED:   May 8, 2025**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**